# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANGUIANO,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 16-03587 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

## I.
## BACKGROUND

Plaintiff Carlos Anguiano filed his application for disability benefits under Title II of the Social Security Act and application for supplemental security income under Title XVI of the Social Security Act on December 14, 2012. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on January 16, 2015 at which Plaintiff testified on his own behalf. A vocational expert ("VE") also testified. In a decision dated February 11, 2015, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period from November 8, 2011 through the date of the decision. The Appeals Council declined to set aside the ALJ's unfavorable decision

in a notice dated April 4, 2016. Plaintiff filed a Complaint herein on May 23, 2016, seeking review of the Commissioner's denial of his application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on November 15, 2016 ("Pl. Mem."), and the Commissioner filed a memorandum in support of her answer on December 20, 2016 ("Def. Mem."). Plaintiff did not file a reply. This matter now is ready for decision.[1]

## II.

## DISPUTED ISSUES

As reflected in the parties' memoranda, the disputed issues are as follows:

(1) Whether the ALJ failed to properly evaluate the findings of consultative examiner Dr. Siekerkotte; and

(2) Whether the ALJ failed to pose a complete hypothetical question to the vocational expert and to provide a complete and proper assessment of Plaintiff's residual functional capacity.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*,

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), and the parties' memoranda in support of their pleadings.

2

402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Error in a social security determination is subject to harmless error analysis. *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). Reversal "is not automatic, but requires a determination of prejudice." *Id.* A reviewing federal court must consider case-specific factors, including "an estimation of the likelihood that the result would have been different, as well as the impact of the error on the public perception of such proceedings." *Id.* (footnote and citation omitted).

## IV.

## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id.* If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id.* If the claimant's impairment or combination of impairments does

not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 8, 2011, the alleged onset date. (AR 12.) At step two, the ALJ found that Plaintiff had the following medically determinable impairments: degenerative disc disease of the cervical and lumbar spine and affective disorder, not otherwise specified. (AR 13.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 15.) At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of medium work:

> [Plaintiff] can lift and carry 50 pounds occasionally and 25 pounds frequently. . . . can stand and walk six hours out of an eight-hour day and sit six hours out of an eight-hour day. . . . can frequently climb, balance, kneel, and crawl. . . . can occasionally crouch and stoop.
> (AR 16.)

Finally, at step five, based on the VE's testimony, the ALJ concluded that Plaintiff is capable of performing his past relevant work as a Forklift Operator, Building Material Sales Attendant, Truck Driver, Maintenance Worker and Grounds Keeper. (AR 19.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act from November 8, 2011 through the date of the decision. (AR 20.)

# VI.

# DISCUSSION

## A. The ALJ's Evaluation of Dr. Siekerkotte's Findings

It is well established in this Circuit that opinions of a consultative examining physician, if supported by independent clinical observations, are substantial medical evidence and may be relied upon by the ALJ in order to determine the Plaintiff's residual functional capacity. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). An ALJ must provide "clear and convincing" reasons for rejecting the uncontroverted opinion of an examining physician and may reject the controverted opinion of an examining physician only for "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830-31). An ALJ need not discuss every piece of evidence when evaluating the findings of a physician, but he must not ignore "significant probative evidence." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984); *accord Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Here, Dr. Siekerkotte conducted an independent internal medical evaluation and completed a medical source statement assessing Plaintiff's alleged disabilities on June 26, 2013. (AR 287-290.) Based on the evaluation, Dr. Siekerkotte diagnosed low back pain, left wrist pain, anxiety and depression. (AR 290.) He assessed Plaintiff with the ability to stand/walk up to six hours, sit with no limitations, and carry 50 pounds occasionally and 25 pounds frequently. *Id.*

Dr. Siekerkotte also noted that Plaintiff "may use a cane as needed only" but "there is no need to use it all the time." (*Id*.)

In the decision, the ALJ assessed Plaintiff with an RFC for a reduced range of medium work. (AR 16-19.) The ALJ accorded "great weight" to Dr. Siekerkotte's opinion, but did not discuss his statement that Plaintiff may use a cane as needed only. (AR 16-19, 290.) Plaintiff contends that the ALJ improperly evaluated the findings of consultative examiner Dr. Siekerkotte because without explanation, she "implicitly rejected" Dr. Siekerkotte's statement that Plaintiff may use a cane. (Pl. Mem. at 3-4; AR 290.) Plaintiff further contends that the ALJ's disregard of this aspect of Dr. Siekerkotte's opinion has significant vocational ramifications that may lead to a more restrictive residual functional capacity. (Pl. Mem. at 3.)

The Court concurs with the Commissioner that the ALJ properly evaluated Dr. Siekerkotte's opinion. In her evaluation, Dr. Siekerkotte did not state that Plaintiff's use of a cane might affect his physical abilities, did not prescribe Plaintiff a cane, and instead opined that a cane was not necessary. (AR 287-90.) Dr. Siekerkotte's brief statement about Plaintiff's possible use of a cane was merely an observation, not an opinion or recommendation that Plaintiff needed to use a cane. *See Cashin v. Astrue*, 2010 WL 749884, at *11 (C.D. Cal. Feb. 24, 2010) (physician's observation that plaintiff needed to use a cane does not constitute an objective finding that plaintiff's cane was medically required). Additionally, no physician in the medical record suggested Plaintiff required a cane, and Plaintiff himself did not testify that he needed a cane. (Def. Mem. at 2.) Consequently, the ALJ was not required to address Dr. Siekerkotte's observation that Plaintiff may use a cane, and the failure to mention a cane was not an implicit rejection of Dr. Siekerkotte's opinion. *See Howard ex rel. Wolff*, 341 F.3d at 1012 (an ALJ need only discuss evidence that is significant and probative); *Cashin*, 2010 WL 749884 at *11 (physician's observation that claimant needed a cane was not

significant probative evidence that the ALJ had to discuss in the absence of evidence that the cane was medically required). Reversal or remand is not warranted on this ground. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**B.     The ALJ's RFC Finding and Hypothetical Question to the VE**

Plaintiff also contends that reversal or remand is required because the ALJ did not provide a complete and proper assessment of the Plaintiff's RFC and failed to pose a complete hypothetical question to the vocational expert (VE). (Pl. Mem. at 4.) Plaintiff claims that the ALJ erred in not incorporating into the RFC and the hypothetical question Dr. Siekerkotte's statement that Plaintiff may use a cane as needed only, but that Plaintiff has no need to use it all the time (*Id.*; AR 290.) The Court disagrees.

For the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." *Andrews*, 53 F.3d at 1044. As discussed above, the ALJ properly evaluated the opinion of Dr. Siekerkotte. Plaintiff's RFC is not affected by the ALJ's failure to address evidence of Plaintiff's cane use because the RFC finding was an accurate statement of Plaintiff's physical abilities, and Dr. Siekerkotte's observation (and the medical record as a whole) do not constitute significant probative evidence that the use of a cane was medically necessary or reflects any functional limitations. *See Earle v. Colvin*, 2014 WL 2812312 at \*4 (C.D. Cal. Jun. 23, 2014) (brief references to plaintiff's cane use were not significant and probative evidence that the ALJ was required to discuss before making his RFC determination). As a result, the ALJ posed a complete hypothetical question to the vocational expert, including a proper assessment of Plaintiff's residual functional capacity.[2] *See Bayliss* 427 F.3d at

---

[2] Commissioner also contends that Plaintiff waived his current challenges by failing to raise them during the administrative proceedings. (Def. Mem. at 5.)

7

1217 (an ALJ's hypothetical question is proper where it contains only limitations that are credible and supported by substantial evidence in the record).

\*     \*     \*     \*

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: June 22, 2017

                                                     ALEXANDER F. MacKINNON
                                              UNITED STATES MAGISTRATE JUDGE

---

The Court need not reach this issue given the resolution of the substantive issues raised by Plaintiff.